IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ALFRED YOUNG and,** | § | |
| **ELIZABETH YOUNG**, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:15-CV-02289-L** |
| | § | |
| **WELLS FARGO BANK, N.A.,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion to Remand (Doc. 6), filed August 14, 2015.  Having

considered the motion, response, pleadings, and applicable law, the court **denies** Plaintiffs' Motion

to Remand (Doc. 6).

## I.      Factual and Procedural Background

This declaratory judgment action involves the attempted foreclosure by Defendant Wells

Fargo, N.A. ("Defendant") on real property located at 4447 Irvin Simmons Drive, Dallas, Texas

75229 (the "Property") that was purchased by Plaintiffs Alfred Young and Elizabeth Young

("Plaintiffs").  Plaintiffs originally brought this action on May 29, 2015, against Defendant in the

162nd Judicial District Court, Dallas County, Texas, to challenge Defendant's right to foreclose on

the Property. In addition to their request for a declaratory judgment regarding Defendant's

entitlement to foreclosure on the Property, Plaintiffs seek to remove the cloud on the title of the

Property.  Plaintiffs do not specifically request any monetary damages, but they allege in their

Original Petition that, for jurisdictional purposes, the case involves monetary relief of over $100,000.

**Memorandum Opinion and Order – Page 1**

On July 10, 2015, Defendant removed the action to federal court, contending that diversity of citizenship exists between the parties and that the amount in controversy, exclusive of interest and costs, exceeds $75,000. On August 14, 2015, Plaintiffs filed their Motion to Remand, contending that the diversity jurisdiction is lacking because both parties are citizens of Texas. On August 31, 2015, Defendant responded to the Motion to Remand, asserting that complete diversity of citizenship exists and the amount-in-controversy requirement is satisfied. Plaintiffs did not file a reply in support of their Motion to Remand.

## II.     Subject Matter Jurisdiction Based on Diversity

A federal court has subject matter jurisdiction over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. § 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

Because this action was removed on the basis of diversity of citizenship and the amount in controversy, the court turns to those issues.

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity mandates remand or dismissal of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). A notice of removal "must allege diversity both at the time of the filing of the suit in state court and at the time of removal." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quotation marks and citations omitted).

A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "'Citizenship' and 'residency' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)). A national bank,

for diversity purposes, "is a citizen of the State in which its main office, as set forth in the articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).

For diversity purposes, the amount in controversy is normally determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995). In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1253. "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (footnotes omitted).

The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]." *St. Paul Reinsurance*, 134 F.3d at 1253 n.13. As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *Id.* at 1253. If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court. If a defendant establishes that the jurisdictional amount

has been met, remand is appropriate only if a plaintiff can establish "to a legal certainty" that his recovery will not exceed the jurisdictional threshold. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 388 (5th Cir. 2009).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction.

## III.    Motion to Remand

### A.    Diversity of Citizenship

In its Notice of Removal, Defendant alleges that, according to Plaintiffs' Original Petition, Plaintiffs are domiciled in Dallas County, Texas, and are, therefore, citizens of Texas for diversity purposes. Defendant also alleges that it is a national banking association with its main office in South Dakota, as set forth in its articles of association. Defendant asserts that it is, therefore, a citizen of South Dakota, and there is complete diversity of citizenship between the parties. Defendant also cites to numerous cases in which federal district courts in Texas have concluded that Wells Fargo, N.A. is a national bank with its main office in South Dakota and, therefore, a citizen of South Dakota.

Plaintiffs contend in their Motion to Remand that complete diversity is lacking because Plaintiffs and Defendant are both citizens of Texas. Plaintiffs assert that Defendant is a citizen of Texas because, in three prior applications for expedited foreclosure, Defendant indicated that it is a mortgage servicer, whose address is 4101 Wiseman Boulevard, San Antonio, Texas. Plaintiffs,

**Memorandum Opinion and Order – Page 5**

therefore, contend that Defendant's averments in its prior applications conflict with its unverified jurisdictional allegations in the Notice of Removal.  Plaintiff further asserts that Defendant has not come forward with any evidence to show that it is a citizen of South Dakota as alleged in its Notice of Removal.  The court disagrees.

The court finds no conflict between the averments in the foreclosure applications and the jurisdiction allegations in the Notice of Removal.  Defendant alleges in its Notice of Removal that it is a national bank.  Its status as a national bank does not preclude it from also being a mortgage servicer.  Moreover, as previously noted, a national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in the articles of association, is located." *Wachovia Bank, N.A.*, 546 U.S. at 307.  According to the Notice of Removal, Defendant's *main office* is located in South Dakota, as set forth in its articles of association.[*]  That Defendant has additional offices in Texas does make it a citizen of Texas.  Further, while Plaintiffs merely allege in their Original Petition that they "reside" in Dallas County, which is insufficient for diversity purposes, they concede in their Motion to Remand that they are citizens of Texas.  The court, therefore, concludes

---

[*] In support of its response, Defendant did not provide a copy of its articles of association but points the court to other cases in which courts have held that it is a citizen of South Dakota. One of the cases cited by Defendant is *Wells Fargo Bank, N.A. v. WMR e-Pin, LLC*, No. 08-5472 JNE/FLN, 2008 WL 5429134, at *1 (D. Minn. Dec. 29, 2008), which held, based on Wells Fargo Bank, N.A.'s articles of association, that it is a citizen of South Dakota, the location of Wells Fargo's main office.  Exhibit K to Document No. 25 in *Wells Fargo Bank, N.A. v. WMR e-Pin, LLC*, which is publicly available, includes Wells Fargo, N.A.'s articles of association, which indicate that Wells Fargo's main office is located in Sioux Falls, South Dakota.  Pursuant to Rule 201 of the Federal Rules of Evidence, the court takes judicial notice of this fact and concludes that Defendant is a citizen of South Dakota. *See  Jefferson v. Leads Indus. Ass'n, Inc.*, 106 F.3d 1245, 1250  n.14 (5th Cir. 1997) ("The Court may take judicial notice of the contents of public records."); *see also Muchicson Capital Partners, L.P. v. Nuance Commc'n, Inc.*,  2015 WL 4732085, at *1 n.1 (5th Cir. Aug. 11, 2015) ("[B]ecause they are public records, we also take judicial notice of court pleadings in other cases.").  **In the future, particularly when Defendant's citizenship is contested, the court's resolution of a motion to remand would be streamlined and more straightforward if Defendant simply filed a copy of its articles of association in response to the motion to remand.**

that Defendant has met its burden of establishing that there is complete diversity of citizenship between the parties.

B.      **Amount in Controversy**

Plaintiffs do not dispute Defendant's assertion that the amount in controversy is satisfied. Subject matter jurisdiction cannot be created by waiver, and the court has an independent duty to determine whether it has subject matter jurisdiction over a case. *Ruhgras AG*, 526 U.S. at 583; *Howery*, 243 F.3d at 919. The court, therefore considers whether the amount in controversy is satisfied.

Regarding the amount in controversy, Defendant alleges in its Notice of Removal, based on public records maintained by the Dallas Central Appraisal District, that the current market value of the Property is $623,740. Evidence in this regard is also attached to the Notice of Removal. Defendant further alleges that Plaintiffs "explicitly allege that they seek 'monetary relief of over $100,000.'" Notice of Removal 5 (quoting Pls.' Orig. Pet. 1).

Plaintiffs' allegations regarding "monetary relief of over $100,000" are included in the jurisdictional statement of their Original Petition. Specifically, Plaintiffs allege: "The Court has jurisdiction . . . This is a case involving monetary relief of over $100,000 and the division of real property and relief under Texas Property Code 23.001 and Texas Rules of Civil Procedure 756, *et seq*." Pls.' Orig. Pet. 1. Because Plaintiffs do not specifically request damages of $100,000 or any amount elsewhere in their pleadings and instead seek declaratory relief, the court concludes that this allegation by Plaintiff likely refers to the value of the Property at issue.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., LLC*,

737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).  Specifically, "in actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Id.*.  Thus, "[w]hen . . . a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Professional Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)).

Plaintiffs seek declaratory relief and seek to prevent Defendant from foreclosing on the Property.  The amount in controversy in this case is, therefore, measured by the value of the Property. Defendant presented evidence that the current market value of the Property is $623,740, which is a matter of public record of which the court can take judicial notice.  Accordingly, Defendant has met its burden of showing that the value of the Property exceeds the requisite amount in controversy, and that the court has subject matter jurisdiction.

## IV.    Conclusion

For the reasons explained, subject matter jurisdiction exists in this matter based on diversity of citizenship and the amount in controversy.  Accordingly, the court **denies** Plaintiffs' Motion to Remand (Doc. 6).

**It is so ordered** this 14th day of October, 2015.

Sam A. Lindsay
United States District Judge