IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALFRED YOUNG and ELIZABETH YOUNG, | § § § | |
| Plaintiffs, | § § | |
| v. | § | Civil Action No. **3:15-CV-2289-L** |
| WELLS FARGO BANK, N.A., | § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion for New Trial (Doc. 38), filed August 28, 2017. For the reasons herein stated, the court **denies** Plaintiffs' Motion for New Trial (Doc. 38).

Plaintiffs' Motion for New Trial is governed by Fed. R. Civ. P. 59(a); however, there was no trial in this matter. Plaintiffs' claims against the Defendant were adjudicated by motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs' Motion for New Trial is, therefore, more properly characterized as a motion to alter or amend the judgment under Rule 59(e). *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) (motion to alter or amend under Rule 59(e) is proper motion to contest summary judgment); *Patin v. Allied Signal Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1990) (motion to reconsider entry of summary judgment properly styled a Rule 59(e) motion); *Smither v. Ditech Fin., L.L.C.*, 681 F. App'x 347, 350 n.4, 2017 WL 958314 (5th Cir. 2017) (per curiam) (construing motion for new trial under Rule 59(e) in upholding district court's order granting mortagage holder's motion to dismiss).

"Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*,

891 F.2d 1154, 1159 (5th Cir. 1990) (citations omitted). Such motions may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59 motion may not be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to entry of judgment. *See generally* 11 C. WRIGHT, A. MILLER & M. KANE § 2810.1 at 127-28 (2d ed. 1995); *see also Simon*, 891 F.2d at 1159. When considering a Rule 59(e) motion to reconsider, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Resources, Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*. With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

Plaintiffs' motion is an improper attempt to relitigate the issue of whether it was appropriate for the magistrate judge to take judicial notice of information regarding World Savings Bank, FSB and its institutional history that is posted on the Federal Deposit Insurance Corporation's ("FDIC") website in determining whether Defendant Wells Fargo Bank, N.A. is the successor-in-interest to World Savings Bank, FSB, the original lender. The court previously decided this issue in

Defendant's favor when it accepted the magistrate judge's findings and recommendation and overruled Plaintiff's objections.

Moreover, the Fifth Circuit has previously taken judicial notice of publicly available information on governmental websites. *See Swindol v. Aurora Flight Sci. Corp.*, 805 F.3d 516, 518-19 & n.2 (5th Cir. 2015) (taking judicial notice of public records available on state government website in determining the location of a party's principal place of business and the location of its corporate officers); *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005) (taking judicial notice of an entity's status as the collective bargaining representative based on public information regarding the entity's history posted on a governmental agency website); *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) (taking judicial notice of factual information on a state government website). The FDIC is an agency of the federal government, and the information relied on by Defendant regarding World Savings Bank, FSB and its institutional history is publicly available on the FDIC's website. The FDIC's website includes, among other things, information regarding active and inactive FDIC-insured institutions such as World Savings Bank, FSB. Accordingly, the accuracy of the information on the FDIC's website regarding World Savings Bank, FSB and its institutional history cannot reasonably be questioned, and it was appropriate for the magistrate judge to take judicial notice of this information under Federal Rule of Evidence 201(b)(2) in deciding Defendant's motion to dismiss. *See Swindol*, 805 F.3d at 519-20. Plaintiffs' Motion for New Trial (Doc. 38) is, therefore, **denied.**

**It is so ordered** this 29th day of August, 2017.

Sam A. Lindsay
United States District Judge